FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 26, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BRANDIE W., | No. 2:18-CV-00111-JTR |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 14, 15. Attorney Dana C. Madsen represents Brandie W. (Plaintiff); Special Assistant United States Attorney Danielle R. Mroczek represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS,** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on November 25, 2014, Tr. 192, alleging disability since November 1, 2008, Tr. 194, due to bipolar disorder, lifting restrictions, depression, anxiety attacks, carpal tunnel/thumb tendentious left, and left shoulder injury, Tr. 220. The applications were denied initially and upon reconsideration. Tr. 107-10, 118-20.

ORDER GRANTING DEFENDANT'S MOTION - 1

Administrative Law Judge (ALJ) Donna L. Walker held hearings on September 15, 2016 and January 6, 2017 and heard testimony from Plaintiff, medical expert Margaret Moore, Ph.D., and vocational expert Jeffrey Tittelfitz. Tr. 38-82. The ALJ issued an unfavorable decision on February 8, 2017. Tr. 18-31. The Appeals Council denied review on January 29, 2018. Tr. 1-6. The ALJ's February 8, 2017 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. §§ 405(g), 1383(c). Plaintiff filed this action for judicial review on March 29, 2018. ECF Nos. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 38 years old at the date of application. Tr. 194. At application, Plaintiff reported that the highest grade she completed was the 11th grade and that she received specialized job training in dog grooming. Tr. 221. She reported her work history included care giving, cashiering, food preparation, housekeeping, and providing security/ushering. *Id*. She reported that she stopped working on November 1, 2008 due to her conditions. Tr. 220.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once the claimant establishes that physical or mental impairments prevent her from engaging in her previous occupations. 20 C.F.R. § 416.920(a)(4). If the claimant cannot do her past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) the claimant can perform specific jobs which exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On February 8, 2017, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act from November 25, 2014 through the date of the decision.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since November 25, 2014, the date of application. Tr. 20.

At step two, the ALJ determined that Plaintiff had the following severe impairments: muscle strain; trochanteric bursitis of the left hip; mild degenerative L5 disc and facet disease/low back pain; depressive disorder, not otherwise specified; amphetamine abuse/dependence in remission; anxiety disorder with panic and agoraphobia; personality disorder, not otherwise specified; and posttraumatic stress disorder. Tr. 20.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 21.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined she could perform a range of medium work with the following limitations:

> the claimant can lift and/or carry up to 50 pounds occasionally (up to 1/3 of the workday), and 25 pounds frequently (up to 2/3 of the workday). She has the ability to sit up to 6 hours and stand and/or walk up to 6 hours. She has the unlimited ability to push or pull, other than as stated for lift/carry. The claimant has the unlimited ability to finger and feel, as well as reach in all directions, including overhead. She has the ability to use her hands frequently for gross manipulation. The claimant has the unlimited ability to balance, climb ramps, stairs, stoop (i.e., bend at the waist), kneel, crouch, crawl, and climb ladders, ropes, or scaffolds. She has the unlimited ability to see, hear and communicate. She has the unlimited ability to be exposed to extreme cold, extreme heat, wetness, humidity, noise, fumes, odors, dust, gases, or poor ventilation, but should avoid concentrated exposure to vibration and hazards, such as machinery and unprotected heights.
>
> Regarding mental abilities, she has the ability to understand, remember or apply information that is simple and routine. She has the ability to learn, recall and use information to perform work activities that are simple and routine.

> Regarding interaction with others, she would work best in an environment where she works in proximity to, but not close cooperation, with co-workers and supervisors, and would work best with superficial, or less, contact with the public. She has the ability to cooperate with others, ask for help when needed, initiate or sustain conversation, understand, and respond to social cues (physically, verbally, or emotionally); respond appropriately to requests, suggestions, criticism, correction and challenges.
>
> Regarding the ability to concentrate, persist or maintain pace, the claimant has the ability to focus attention on work activities and stay on task at a sustained rate. She has the ability to initiate and perform tasks, work at an appropriate and consistent pace; complete tasks in a timely manner, and ignore or avoid distractions while working. She has the ability to change activities or work settings without being disruptive. She has the ability to sustain an ordinary routine and regularly attend work; and work a full day without needing more than the allotted number or length of rest periods during the day.
>
> Regarding the ability to adapt or manage herself, the claimant has the ability to regulate her emotions, control behavior, and maintain well-being in a work setting. The claimant would work best in an environment that is routine and predictable, but does have the ability to respond to demands, adapt to changes, manage psychological symptoms, distinguish between acceptable and unacceptable work performance; set realistic goals, make plans independently of others, or be aware of normal hazards and take appropriate precautions.

Tr. 23. The ALJ identified Plaintiff's past relevant work as cleaner/housekeeper and found that she could perform this past relevant work. Tr. 29.

As an alternative to denying the claim at step four, the ALJ made a step five determination that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of final assembler, small products assembler II, and janitor. Tr. 30. The ALJ concluded Plaintiff was not under a

disability within the meaning of the Social Security Act from November 25, 2014, through the date of the ALJ's decision. *Id.*

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards. Plaintiff contends the ALJ erred by (1) failing to properly consider her symptom statements and (2) failing to properly consider the medical opinions in the file. ECF No. 14. Additionally, Plaintiff argues that these errors are harmful and a remand for an immediate award of benefits is warranted. *Id.*

**DISCUSSION[1]**

**1. Plaintiff's Symptom Statements**

Plaintiff contests the ALJ's determination that Plaintiff's symptom statements were unreliable. ECF No. 14 at 15-16.

It is generally the province of the ALJ to make determinations regarding the reliability of Plaintiff's symptom statements, *Andrews*, 53 F.3d at 1039, but the ALJ's findings must be supported by specific cogent reasons, *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient:

---

[1]In *Lucia v. S.E.C.*, 138 S.Ct. 2044 (2018), the Supreme Court recently held that ALJs of the Securities and Exchange Commission are "Officers of the United States" and thus subject to the Appointments Clause. To the extent Lucia applies to Social Security ALJs, the parties have forfeited the issue by failing to raise it in their briefing. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (the Court will not consider matters on appeal that were not specifically addressed in an appellant's opening brief).

rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

The ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms to be "not entirely consistent with the medical evidence and other evidence in the record." Tr. 24. Specifically, the ALJ found that (1) "The claimant's subjective complaints are not reasonably consistent with the medical evidence," Tr. 24, and (2) "the claimant can perform a full range of daily activities, which is inconsistent with the nature, severity, and subjective complaints of the claimant," Tr. 26.

In Plaintiff's opening brief, she only challenges the ALJ's first reason for rejecting her symptom statements, that they were inconsistent with the medical evidence. ECF No. 14 at 15-16. In response, Defendant argues that the ALJ failed to properly address all the reasons the ALJ provided for rejecting Plaintiff's statements. ECF No. 15 at 3-5. Defendant argues that the ALJ rejected Plaintiff's statements for five reasons: (1) they were inconsistent with the medical evidence; (2) Plaintiff received conservative treatment; (3) her depression was controlled with medication; (4) she stopped working because of her substance abuse, not her impairments; and (5) her allegations were inconsistent with her reported activities. ECF No. 15 at 3-6. Defendant asserts that by failing to challenge all five reasons for rejecting Plaintiff's symptom statements, she has waived her right to do so. *Id*. at 5.

While the ALJ discusses Plaintiff's conservative treatment, her depression being controlled with medication, and the reasons she stopped working, she references these circumstances when reviewing the medical evidence, without relating them to Plaintiff's symptom statements. Tr. 24-25. As such these three reasons are *post hoc* rationalizations, which will not be considered by this Court. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (The Court will "review only the reasons provided by the ALJ in the disability determination and may not affirm

the ALJ on a ground upon which he did not rely."). The Court will only address the reasons the ALJ specifically tied to Plaintiff's symptom statements: (1) that her statements were inconsistent with the medical evidence; and (2) that her statements were inconsistent with her reported activities.

### A. Medical Evidence

Plaintiff argues that her symptom statements are supported by the medical evidence and, if they are not, that this reason alone is insufficient to support a rejection of her statements. ECF No. 14 at 15-16.

An ALJ may cite inconsistencies between a claimant's testimony and the objective medical evidence in discounting the claimant's symptom statements. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009). But this cannot be the only reason provided by the ALJ. *See Lester*, 81 F.3d at 834 (ALJ may not discredit the claimant's testimony as to subjective symptoms merely because they are unsupported by objective evidence); *see Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (Although it cannot serve as the sole reason for rejecting a claimant's credibility, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects.").

Here, the ALJ summarized Plaintiff's statements regarding her musculoskeletal complaints and left wrist complaints. ECF No. 24. She then summarized the medical evidence showing normal ambulation and mild findings. Tr. 24-25. Plaintiff's briefing did not identify what medical evidence the ALJ found inconsistent with Plaintiff's symptom statements, or why the ALJ erred in finding that evidence was inconsistent. ECF No. 14 at 15. Because the ALJ set forth the specific testimony that was undermined by the specific evidence, this reason meets the specific, clear and convincing standard.

### B. Activities

Plaintiff failed to challenge the ALJ's determination that her reported activities were inconsistent with her reported symptoms in her opening brief. ECF

No. 14. Therefore, she waived the argument. *See Carmickle*, 533 F.3d at 1161 n.2. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).[2] Moreover, the Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to challenge the issue in her opening brief, the court declines to consider this issue.

The Court will not disturb the ALJ's determination regarding Plaintiff's symptom statements.

**2. Medical Opinions**

Plaintiff argues the ALJ failed to properly consider and weigh the opinion evidence. ECF No. 14 at 16-17. Specifically, Plaintiff asserts that the ALJ erred in giving more weight to the opinions of non-examining, non-treating doctors over the opinion of Dr. Arnold. *Id*.

---

[2]Under the current version of the Federal Rules of Appellate Procedure, the appropriate citation would be to FED. R. APP. P. 28(a)(8)(A).

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester*, 81 F.3d at 830. The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician. *Orn*, 495 F.3d at 631. Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician. *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion. *Lester*, 81 F.3d at 830-31.

Here, Plaintiff failed to challenge the reasons the ALJ provided for rejecting Dr. Arnold's opinion. ECF No. 14 at 16-17. Instead, she argues that the ALJ should not have given weight to the non-examining, non-treating opinions. *Id*. An ALJ is not required to provide an explanation for accepting an opinion but must provide an explanation for rejecting an opinion. S.S.R. 96-8p ("The RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). Because Plaintiff failed to challenge the reasons the ALJ provided for rejecting Dr. Arnold's opinion, the Court will not disturb the ALJ's treatment of the medical opinions. *See Carmickle*, 533 F.3d at 1161 n.2.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant. **Judgment shall be entered for Defendant and the file shall be CLOSED**.

DATED March 26, 2019.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE